# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATHANIEL A. HENDERSON, #326393 | * |
| Plaintiff | * |
| v. | * Civil Action Case No. JKB-11-901 |
| GINGER YEAGER, Medical Department, J. P. MORGAN, Warden, WCI, SGT. ENGLE, and REBECCA ANDREWS, Medical, WCI. | * * * |
| Defendants | |

* **

## MEMORANDUM

Pending is Nathaniel Henderson's prisoner civil rights complaint under 42 U.S.C. § 1983 alleging inadequate medical care. Motions to dismiss or, in the alternative, for summary judgment have been filed by counsel on behalf of defendant Rebecca Andrews (ECF No. 25) and defendants Warden J. P. Morgan and Sergeant Scott E. Engle (hereinafter "state defendants").[1] ECF No. 34. Henderson has replied to the dispositive motions. ECF No. 38.[2] The case is ripe for disposition and the court now rules pursuant to Local Rule 105.6 (D. Md. 2011), no hearing being necessary. For reasons to follow, defendants' motions (ECF Nos. 25 and 34) will be granted.

## BACKGROUND

Henderson is an inmate at Western Correctional Institution. He alleges that on March 16, 2011, he "lost all feeling" in his left leg and experienced "excruciating pain shooting

---

[1] Service has not been obtained on Ginger Yeager. Apart from naming Ginger Yeager as a defendant, Henderson raises no claims against Yeager. Indeed, she is not mentioned in the body of the complaint. Consequently, Ginger Yeager will be dismissed sua sponte as a defendant in this case by separate order to follow.

[2] Henderson also filed interrogatories. Under Local Rule 104.4 (D. Md. 2011), discovery does not begin until the court issues a scheduling order, otherwise orders that discovery proceed, or the parties agree. Discovery has not been ordered nor have the parties agreed to commence discovery.

up and down" his spine. Complaint 7, Part III. The tier officer alerted the medical department. Henderson claims that defendants came to his cell, took his vital signs, and left him on the floor. *See id.* He claims that Andrews told him that he "just wanted pain medication." *Id.* Henderson alleges that he was informed by "the defendant that the doctor would be down shortly to check me out. No doctor ever came and resulted in me laying on the floor for approximately nine hours until I had some feeling in my leg." *See id.* As redress, Henderson wants $100,000.00 in damages.

## STANDARD OF REVIEW

Defendants seek to dismiss plaintiff's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In reviewing the complaint, the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Venkatraman v. REI Systems, Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming International Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to

dismiss. *Id*. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 562. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Further, although the complaints of self-represented litigants are to be construed liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), a pleading must contain 'more than labels and conclusions.'" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).

## DISCUSSION

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). When prison officials show "deliberate indifference" to a prisoner's "serious medical needs," their actions or omissions give rise to an Eighth Amendment violation. *Id*. at 104. The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The medical treatment provided must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). Thus, a health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. *See Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998). Mere negligence or malpractice does not rise to a constitutional level. *See Miltier*, 896 F.2d at 852. An inmate's disagreement with medical providers about the proper course of treatment does not support an Eighth Amendment cause of action. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Wester v. Jones*, 554 F.2d 1285 (4th Cir. 1977); *Russell v. Sheffer*,

3

528 F.2d 318 (4th Cir. 1975). To bring a medical claim against non-medical prison personnel, a plaintiff must show that such officials were personally involved with a denial of treatment, deliberately interfered with a prison doctor's treatment, or tacitly authorized or were deliberately indifferent to the prison physician's misconduct where even a lay person would understand that the medical care provider is being deliberately indifferent. *Miltier*, 896 F.2d at 854. Supervisory prison officials are entitled to rely on the professional judgment of trained medical personnel. *See id.*

### A. Nurse Rebecca Andrews

Henderson alleges that Andrews left him on the floor and told him a doctor "would be down shortly" to check him, but the doctor never came. Complaint 7, Part III. These allegations, however, fail to show that Andrews was deliberately indifferent to his serious medical needs.[3] Assuming arguendo that his allegations are true, he does not claim that Andrews failed to alert medical staff about his condition or otherwise acted in a manner "so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness." *Miltier*, 896 F.2d at 851.[4] His claim fails to allege that Andrews acted with requisite deliberate indifference and will be dismissed for failure to state a claim.

---

[3] To the extent Henderson faults medical providers for failing to refer him to a medical specialist to treat his back (ECF No. 37), he may not raise a new claim at this eleventh hour. He may present this claim in a separate § 1983 complaint. The court expresses no opinion in regard to the merits of such a claim. The Clerk will send him a prisoner civil rights information and forms packet in the event he intends to pursue the claim.

[4] Andrews attests that she went to Henderson's cell on March 16, 2011, based on a report that he had fallen from a chair. ECF No. 25, Exhibit A, ¶ 6, Andrews Declaration. When she arrived, Henderson was lying on the floor. Plaintiff complained of back pain radiating down his legs and rated the pain a seven on a scale of one to ten (with ten the worst pain and one the least). Plaintiff said he was unable to move. Andrews performed a neurological examination which showed Henderson to be alert and oriented, his pupils reacted appropriately to light, his grips were strong, he was able to move all his fingers and toes, and he was without obvious marks or abrasions to indicate injury. Her assessment was that there was no reason why Henderson could not get up from the floor by himself. Plaintiff asked for pain medication. Andrews informed Henderson that his prescription for Neurontin or Tylenol # 3 had been discontinued due to his hoarding of the medication. She offered Henderson a dose of Motrin, which he

**B. State Defendants**

Henderson does not allege any facts against either Warden Morgan or Sergeant Engle or claim they personally participated in his medical care. To the extent Henderson is suing these defendants in their supervisory capacities, [5] he does not claim either state defendant interfered with his medical care, or was deliberately indifferent, or tacitly authorized unlawful conduct. As such, no claim is made against either state defendant under a theory of supervisory liability. *See, e.g.*, *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1996). Non-medical supervisory officials can only be liable where it is shown they failed to timely provide needed care, deliberately interfered with doctors' performance, or tacitly authorized or were deliberately indifferent to prison physicians' constitutional violations. *See Miltier*, 896 F.2d at 854–55. Consequently, the court will grant the state defendants' motion to dismiss.

## CONCLUSION

For these reasons, the court will grant defendants' motions to dismiss and close this case. A separate order follows.

| | |
|---|---|
| December 13, 2011 | /s/ |
| Date | James K. Bredar |
| | United States District Judge |

---

refused. She reported his condition to the health care provider on duty and advised Henderson to submit a sick call form if his symptoms did not improve. *See id; see also* Henderson's medical records, ECF No. 25, Exhibit B, pp. 11-13.

[5] State defendants observe that in the interrogatories Henderson filed with the court, Sgt. Engle was to be asked whether any officers had informed him that the Plaintiff needed medical attention and that the attention had not been provided. ECF No. 32 at page 9 of 27, interrogatories 2-4.